UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────────────

BARBARA TIERNEY,

        **Plaintiff *Pro se*,**          5:06-CV-220
                                              (NAM/GHL)

v.

CONSTELLATION ENERGY GROUP, INC.,

        **Defendant.**
────────────────────────────────────────────

**APPEARANCES:**                         **OF COUNSEL:**

Barbara Tierney, Plaintiff *Pro se*

Constellation Energy Group             Barbara A. Gaughan, Esq.
750 East Pratt Street
17th Floor
Baltimore, MD 21202
*For Defendant*

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    Presently before the Court are motions by Barbara Tierney, plaintiff *pro se*, and Constellation Energy Group, Inc., defendant, for dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The parties disagree as to whether dismissal should be with or without prejudice.

### BACKGROUND

    On February 21, 2006, defendant removed this action to federal court alleging the Court has subject matter jurisdiction under the provisions of 29 U.S.C. § 1132(e) and 28

U.S.C. § 1332 because: (a) it is an action arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001; and (b) there is complete diversity of citizenship between plaintiff and defendant and the amount in controversy is more than $75,000.

United States Magistrate Judge George H. Lowe issued a Uniform Pretrial Scheduling Order on June 14, 2006. Dkt. no. 9. Subsequently, the Court granted attorney Stefan D. Berg's motion to withdraw as plaintiff's counsel. Dkt. no. 13. On August 30, 2007, plaintiff, after attempting to engage in discovery, wrote a letter to Magistrate Judge Lowe advising that she was going to end this action:

> After much deliberation I have come to the realization that I must drop my pending lawsuit against Constellation Energy Group. I cannot meet the requirements needed for me to defend myself against this large corporation.
>
> I appreciate all the time you have put into this case. I truly believed it was a case that could be won. With the lawyer I hired quitting on me and my having to do all the work on my own from that point, it has truly become more than I can successfully accomplish.

Dkt. no. 20.

In a letter to defense counsel dated September 6, 2007, Magistrate Judge Lowe suggested that defendant prepare and submit a stipulation of dismissal pursuant to Rule 41(a)(1)(ii). Dkt. no. 21. On September 28, 2007, defendant moved pursuant to Rule 41(b) to dismiss this action with prejudice for failure to prosecute. Dkt. no. 22. Defendant asserts that it presented plaintiff with a stipulation but that plaintiff would not enter the stipulation because it specified that dismissal would be *with prejudice*. Accordingly, defendant filed the instant motion seeking an order dismissing this action with prejudice for failure to prosecute. Plaintiff has not opposed defendant's motion.

## DISCUSSION

Defendant moves pursuant to Rule 41(b) for failure to prosecute. In view of plaintiff's request that the Court dismiss this action, however, which preceded defendant's motion, the Court will address plaintiff's request first, mindful that defendant seeks dismissal with prejudice. Rule 41(a)(2) provides that, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The Second Circuit has explained that:

> Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper. One line indicates that such a dismissal would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (citing *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir.1996); *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir.1990)) (internal citation omitted).

As an initial matter, there is no suggestion that defendant would suffer plain legal prejudice other than the prospect of a second lawsuit if this action were dismissed without prejudice. Regarding the first two *Zagano* factors, although this action has been pending for approximately 20 months, there is no evidence plaintiff lacked diligence in seeking dismissal. Plaintiff's counsel withdrew from this matter six months before she requested dismissal. Plaintiff attempted to conduct discovery and litigate this matter *pro se* for six months and then sought dismissal on the basis that the burden of litigating this matter on her own was too great.

3

Thus, plaintiff's diligence in bringing this motion weighs in favor of dismissal without prejudice. Further, there is no evidence, nor indication from defendant, of "undue vexatiousness on the plaintiff's part".

As to the next two factors, this lawsuit has progressed to the discovery phase, but the record does not reveal whether the parties have completed discovery. In any event, the Court has not scheduled this matter for trial. Defendant asserts it has expended significant resources in investigating and defending this matter. Although defendant submitted no evidence in support of its assertion, its expenditures in connection with this action as well as the expense of relitigation undoubtedly weigh in defendant's favor.

Finally, plaintiff seeks dismissal of this action because she cannot litigate this action on her own. There is no basis to question the veracity or adequacy of plaintiff's explanation.

Thus, having considered that: a dismissal without prejudice poses no legal prejudice to defendant; plaintiff diligently sought dismissal when she realized she could not litigate this matter without an attorney; there is no evidence of vexatiousness on plaintiff's part; although discovery has progressed, no dispositive motions have been filed and neither party has prepared for trial; and plaintiff does not wish to proceed with this action, the Court concludes that even though defendant has expended resources litigating this matter and faces the potential expense of relitigation, a dismissal with prejudice would be improper at this juncture. Accordingly, plaintiff's request to withdraw this action is granted, and defendant's motion to dismiss, with prejudice, for failure to prosecute is denied.

## CONCLUSION

For the foregoing reasons, it is hereby

4

**ORDERED** that plaintiff's request to withdraw this action is **GRANTE**D; and it is further

**ORDERE**D that the complaint is **DISMISSED without prejudice** pursuant to Rule 41(a)(2); and it is further

**ORDERED** that defendant's motion to dismiss pursuant to Rule 41(b) for failure to prosecute is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**


**DATED**:  Syracuse, New York
            November 28, 2007


_____
Norman A. Mordue
Chief United States District Court Judge